IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)                    NO.   15-CV-281 KG/GBW<br>vs. )                           14-CR-660 KG<br>)<br>**ENDI MUNOZ-CHAVEZ,** )<br>)<br>Defendant/Movant. ) | |

## ORDER

**THIS MATTER** is before the Court on the Government's *Motion to Waive Attorney-Client Privilege Related to Defendant's Motion under 28 U.S.C. § 2255*.  Defendant/Movant, Endi Munoz-Chavez, was sentenced to 46 months, after pleading guilty to Reentry of a Removed Alien in violation of 8 U.S.C. 1326(a) and (b).  *See* CR Doc. 18 and CR Doc. 22.

On March 30, 2015, Defendant filed a motion to vacate that sentence arguing ineffective assistance of counsel (CR Doc. 22; CV Doc. 1).  The United States filed the instant motion after being informed by Defendant's prior counsel, Mr. Cesar Pierce-Varela, that he was unwilling to disclose privileged communications between him and the Defendant without this Court's authorization.  Having reviewed the docket, the briefing, and the relevant law, the Government's motion is granted; and Mr. Pierce-Varela is authorized to make such disclosures as are necessary to allow the Government to respond to Defendant's ineffective assistance of counsel claims.

"[W]hen a *habeas* petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009).  Here, Defendant filed a *habeas* petition based entirely on ineffective assistance of counsel claims.  CR Doc. 22; CV Doc. 1.  Therefore, under *Pinson*, Defendant has waived attorney-client privilege over communications pertaining to the claims he raised in his motion to vacate.

Having found Defendant waived attorney-client privilege, all that remains to be determined is the proper scope of that waiver.  In *Pinson*, the Tenth Circuit advised that the scope of the waiver is to be "no broader than needed to ensure the fairness in the proceedings before [the Court]."  *Pinson*, 584 F.3d at 978 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)).  The appropriate scope of waiver under the circumstances here appears to be that outlined by the Government, which mirrors Defendant's arguments in his motion to vacate.  *See* CR Doc. 22; CV Doc. 1.

**IT IS THEREFORE ORDERED** that Government's Motion to Waive Attorney-Client Privilege is hereby GRANTED; and Defendant's prior counsel, Mr. Cesar Pierce-Varela, is authorized to disclose documents and a written affidavit detailing:

> Any communication or decisions regarding the claims of ineffective assistance surrounding the advisement of the defendant's constitutional rights;
>
> Any communication or decisions regarding the defendant's decision to plead guilty;

Any communication regarding the defendant's presentence report;

Any communications or decisions regarding the claims of ineffective assistance surrounding the failure to communicate with the defendant regarding an appeal of the defendant's sentence; and

Any other communications or decisions not known to the United States which are strictly necessary in order to address the merits of the defendant's claims of ineffective assistance of counsel.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE